## UNITED STATES COURT OF INTERNATIONAL TRADE

MAGNUM MAGNETICS CORPORATION,

              Plaintiff,

    v.

UNITED STATES,

              Defendant.

Case No. 1:22-cv-00254

## COMPLAINT

Plaintiff Magnum Magnetics Corporation, by and through counsel, alleges the following for its Complaint against the United States.

## JURISDICTION

1.      Plaintiff brings this action to contest the U.S. Department of Commerce's August 9, 2022 Scope Ruling as to *Antidumping and Countervailing Duty Orders on Raw Flexible Magnets from the People's Republic of China: Final Scope Ruling on Siffron Plastic Shelf Dividers* (the *Scope Ruling*).  The Court has jurisdiction over this action under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(vi).

## STANDING

2.      Plaintiff is a U.S. producer of raw flexible magnets that are subject merchandise under *Antidumping Order: Raw Flexible Magnets from the People's Republic of China* (A-570-922) and *Raw Flexible Magnets from the People's Republic of China; Countervailing Duty Order* (C-570-923) (collectively, the *Orders*).  Plaintiff also was the Petitioner in the proceedings that gave rise to the *Orders*.  Plaintiff is thus an interested party within the meaning of 19 U.S.C. §§ 1677(9)(C) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1).  Plaintiff also was a party to, and

participated in, the scope proceeding that led to the *Scope Ruling* challenged in this action.  As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

3.      Commerce issued the contested *Scope Ruling* on August 9, 2022.  Plaintiff timely filed the Summons with this Court within 30 days of the date of the *Scope Ruling* and also within 30 days of the date of its mailing.  This action is thus timely under 19 U.S.C. § 1516a(a)(2)(A)(ii), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rule 3(a)(2).

## PROCEDURAL HISTORY

4.      On March 11, 2022, Fasteners for Retail, Inc. d/b/a Siffron (Siffron), a U.S. importer, filed a scope request to determine whether certain plastic shelf dividers, which consist of a raw flexible magnet that is bonded with an adhesive to the base of a plastic sheet that is generally T- or L-shaped, are covered by the scope of the *Orders*.

5.      On April 5, 2022, Magnum filed comments on the scope request.  That same day, Commerce issued a supplemental questionnaire to Siffron, to which Siffron responded on April 7, 2022.  Commerce initiated the scope inquiry on April 11, 2022.

6.      Plaintiff submitted comments and factual information to Commerce on May 11, 2022.  Siffron submitted rebuttal comments on May 25, 2022.  Commerce regulations did not permit further comments.

7.      On August 9, 2022, Commerce issued its *Scope Ruling.*

## COUNT I

8.      Commerce's finding that the subject plastic shelf dividers bonded to a raw flexible magnet imported by Siffron and described in its scope ruling request are excluded from

the scope of the *Orders* is unsupported by substantial evidence and otherwise not in accordance with law.

## **DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1.      Hold that the *Scope Ruling* is not supported by substantial evidence and is otherwise not in accordance with law;

2.      Remand this matter to Commerce for disposition consistent with the final opinion and order of the Court; and

3.      Provide such further relief as this Court deems just and proper.

Dated: September 28, 2022

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 626-6237
jeremy.dutra@squirepb.com

*Counsel to Magnum Magnetics Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 28, 2022, a copy of the foregoing Complaint was sent by registered mail, return receipt requested on the following counsel for Fasteners for Retail, Inc. d/b/a Siffron, an interested party in the underlying proceeding before the U.S. Department of Commerce:

Kristen Smith
Sandler, Travis & Rosenberg, PA
1300 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004

*/s/ Jeremy W. Dutra*
Jeremy W. Dutra